U.S.A. v. Levy-Horton. Good morning. May it please the Court. James Egan for Appellant Levy-Horton. This case presents a fairly unique opportunity for this Court to address the application of the modern corroboration rule. In particular, this case requires this Court to address the level and type of proof necessary beyond an admission to establish the commission of a crime when that crime contains an element requiring proof of a fact that is not only susceptible to mistake or confusion but the subject of intentional obfuscation by people who produce images. I suppose the real question framed within the modern corroboration rule is whether the government offered substantial independent evidence to establish the trustworthiness of the alleged statement. And our position is that they did not, for a few reasons. First, isn't there a prior question as to whether that rule even applies where a preponderance of the evidence standard is governing? Of course, yes. Our position is obviously that it does. The government cites two decisions from this circuit, and as we've demonstrated in our reply brief, both cases are distinguishable because they contain... Is there any authority for applying a corpus delecti rule in a preponderance of the evidence context? I haven't surveyed the entire... Well, you haven't cited any. I haven't cited any, but I have cited the Ninth Circuit's decision in Helger, which says that it is a case-by-case determination. They refuse to adopt a per se rule against corroboration, even in... But then why would we... This is not a case, it seems to me, and correct me if I'm wrong, where a probationer or parolee or supervised releasee walks into his probation officer's office and says, I did a bad thing yesterday. Lock me up. Here's what I did. I looked at child pornography. I'm so sorry. Arrest me, right? That's not what happened here. Correct. This is a case where there was... First of all, this is not just any old guy who happens to have suddenly encountered child pornography. He's something of an expert witness in his own right, is he not? Well, I mean, that's curious. I mean, not to be flipped, but I mean, is the government going to call him as a witness to... Well, they can't call him as a witness because he has a criminal privilege, but he's made... I mean, he has an extensive history with child pornography. If some person walks off... Especially in the Northern District. Correct. Unfortunately, we've seen how broad it can be. If some ordinary person says, oh my God, this is child pornography, given the technical definition, they might well be wrong. But your client is quite precise in his admissions. He says, well, this image was not child pornography as far as I'm concerned because it wasn't child pornography because in my view, these people were like 18 or 19 probably, but this one is the one where these are 13 year olds. That's not just somebody who could be confused about the law or the meaning of the terms or misled. He's someone with extensive experience with this kind of material who's saying quite precisely, these images qualify in my experience unlike those images. If I may, that's a mischaracterization that's built on the government's brief. In fact, Horton identifies five classes of images, only two of which are found. He never specifies which are child pornography beyond the child jumping rope, which is clearly not lascivious exposition of genitalia to meet the definition of CP, child pornography. However, the rest of the images are not differentiated and there is no verification of the ages that he guesses about. And they were deleted so no one could see them, correct? Correct, right. The ones that the government confuses, I hate to have to get into the details, but what Horton says is that there are multiple females sitting displaying their genitalia. The image that's actually recovered is a single female. He says that that image is of females ranging 16 to 20 in his estimation. The one that's found does not meet that definition. The government is confused about what's said and what's recovered. I don't understand. The one that's recovered doesn't meet his description, but there are others that were deleted. There were others that were deleted, of course, yeah. And in those, he says, in one he says he can't tell what the age is. And that seems to be an attempt at a penetration image. And then we have, there is... My point is, he is making explicit, correct, legally correct distinctions, whether he's right about the facts of these images or not. He's making precisely the distinctions that the statute makes that ordinary people might not appreciate. They might just think, well, it's children and it's sexy, it's child pornography. He doesn't think that. He's very clear about the fact that he knows that some images are not going to be problematic because they're older people, he says. These are 16 to 20. These, on the other hand, he says are 13. Right. So we're not contesting the two components potentially at play. One is the age, one is whether it meets the definition of sexually explicit conduct under 2256. We're not arguing that. So we can see that whatever expertise he has applies to that definition. He knows it when he sees it, right? But the age is a different question because the age in this case involves teenagers, not toddlers, not young children, preteen children. It involves preteen. And he gives no other detail about the image that would allow a Tanner type assessment. That is where you compare certain parts of the anatomy to other parts that make a determination as to the age of the person in question. There is, as we cited, an intentional, the pornography industry has made it its aim to obfuscate and to present young looking adults as children for whatever reason, but it is something that happens. Furthermore, it's not even clear that he is identifying an actual person as opposed to a computer generated image, a point that was pressed more below, but certainly it is encompassed within whether it is a real person or a minor. And moreover, he's looking at a screen that is no more than a few inches in both directions. And the thumbnail that is recovered later- It seems to me to be quite persuasive arguments. Certainly if the issue is, is it proven beyond a reasonable doubt, I think you'd have a tremendous argument. And even at a preponderance standard, these are very good issues for the fact finder. But you're saying, you have to be saying, I think that on this record, there is not sufficient evidence for a reasonable judge to say by a preponderance of the evidence that he did what he absolutely intended to do. There's no question about that. He's searching for child pornography. He thinks he's found it. And he's explaining what it is that he found. And that's, but that's not enough to say it's more likely than not that this was child pornography. True. And because there are no greater details given about the image and the image is like we've said inherently, his assessment is inherently unreliable. Had he said it were a toddler or even a preteen, very young child, it would be a different case. Obviously we can see that, but that would be an instance where you would know, need no further verification. Well, no, it could be a fake image still, wouldn't it? I mean, that's, that's your argument. It could. Oh, so good. Yeah. Whether it's a real person or a computer generated image. Yeah. But I don't think there could be any question about whether it's, I don't think young looking adults have been made to look like toddlers yet. Are there any more questions? Okay. Thank you. May it please the court. Michael Barnett for the appellee, United States of America. Your honors, a confession in a supervised release context need not be corroborated. A summary decision of a panel of this circuit so held in Guembes, Llerena in 2012. It's so held in the sentencing context in Sasso in 1995 decision and furthermore in Hilger, a persuasive ninth circuit decision from 2013 involving a supervisees assessment of the ages of people he wasn't supposed to be meeting with. The court there found that in that context corroboration of a confession was not required. And these cases also show your honors that we are not dealing with a unique situation here in Hilger. The supervisee was prohibited from having contact with minors. He admitted to his probation officer that he had such contact with minors. There was no evidence other than that admission and a polygraph examination which failed at his final revocation hearing. He actually tried to retract his confession, something that's not happened here. And the court there looked at the confession, looked at the facts and surrounding circumstances and said that the judge was within his or her discretion to violate the supervisee based on his confession alone. So we are not dealing here with a unique set of facts. And as Judge Lynch noted, we are not dealing here with a defendant who is speaking of something he knows nothing about. He provided a detailed saved and deleted images on his cell phone depicting 13 and 14-year-old boys with their legs split and with their penises erect. And he didn't merely just say that's child pornography. He provided that description. And we have orbiting facts, facts and circumstances that show that that confession is reliable. First of all, the appellant has extensive knowledge of child pornography as established by his underlying conviction in the pre-sentence investigation report submitted in connection with that conviction. The phone, while it did not have images of child pornography, had images that came fairly close to the line. It had images of new children. It wasn't pornographic in nature. But those images, while not pornographic in themselves, your honors, shows that the appellant simply just wasn't making things up. There was a phone. It did have images. It didn't have the images that he said he deleted, but it had certain images. And the court could have inferred that the fact that certain images weren't there was because those were the most egregious. And the appellant took extra steps to hide the very incriminating evidence that would have gotten him in the most trouble. Your honors, he possessed a phone and accessed the Internet without telling his probation officer beforehand. And the court could infer from that that the reason he did not tell his probation officers about what he was doing is because he was regressing back into the very same conduct that got him in trouble in the first place. Furthermore, the appellant here accurately described images that were found on his phone. Again, they were not child pornography images, but he accurately described to his probation officer before the probation officer ever looked at the phone what some of what could be found on his phone. So he is a reliable narrator of his own conduct. And all these facts and circumstances show that he was looking for child pornography. There were child pornography related search terms. And that he wasn't just making this up. If he said, I did all this, and the probation officer never found a phone, never found any hint that he was, again, regressing into the same criminal conduct as before, I think this would be a different case. But that's not this case. And the appellant is wrong to claim in the brief and here that somehow he described everything on his phone as child pornography. That is not what the record says. In fact, the record shows that he was very discriminating in terms of the ages of the people depicted in the photos. And he never conclusively said everything is child pornography. He actually said, well, there's an image of a girl 16 to 20 years old. I'm not sure how old she was. And so he was honest about some of these images. And I think the court could find that he's a reliable describer of what's on his phone. What is the consequence of, you know, what are we fighting about here, really? Is the idea that if this particular specification were overturned, it would go back to the district court to reassess the lifetime supervised release? Is that what this is really about? Your Honor, that would be one thing. Another thing would be the mandatory minimum term of imprisonment under 3583K. I see. Which has a mandatory term of imprisonment of five years, notwithstanding the limitations in 3583E3. And in terms of the appellant's argument that, well, maybe he could have been the kid in the photos or maybe they were virtual children. We are very up front that we cannot exclude the possibility that there were virtual children or that he was mistaken about the age. The issue here on appeal is whether the district court, based on the evidence before him, committed a clear error or otherwise abused his discretion in upholding a violation. The fact that we cannot exclude The district court didn't see the pictures either because they were deleted, right? Yes, Your Honor. No one saw them. Yes. What we have is the description of the offender. We have the offender's description, which I think is entitled to be found reliable and is persuasive on a preponderance of the evidence standard. And there are cases, even in the criminal context, Your Honor, where the images are not before the court, they're not before the jury. And that's enough even to sustain a guilty beyond a reasonable doubt verdict. In United States versus O'Connor and Sacco from our district, Northern District of New York, and I'm sorry it's not in our brief, but 650F3839, a horrendous case involving child pornography production, the pornographic images were never located. The victim testified, so that obviously established her age. It established the sexual conduct. But the whole charge, the whole reason you're in federal court is child pornography production and the images were never recovered. Is this the maximum sentence that the judge could impose on this offense of, this is violation of supervised release? Your Honor, actually it's the minimum term of imprisonment because 3583K says that if someone who has to register under SORNA commits a violation, commits a criminal offense under Part 110 of Title 18, the minimum term of imprisonment on a supervised release revocation shall not be less than five years. That's the minimum if this particular specification is found, right? That is the minimum if... The other specifications don't carry that five-year mandatory minimum, right? They're just having, there are other violations because he had an internet accessible cell phone which he wasn't allowed to have. Absolutely, Your Honor. And actually the maximum, let's say that we throw out this child pornography offense, just to provide the core of context, the maximum would be 24 months in prison. So Congress in 2006 added this provision that specifically speaks to what happens if a supervised releasee who has to register under SORNA re-offends in a way that violates certain parts of the United States Code. And Your Honors... But it's a life term of supervised release, right? Yes, Your Honor. And the term there is reasonable. On the underlying conviction in 2007, the fact that this appellant who got out of prison re-offended very quickly. It could also take into account the fact that in the PSIR from the underlying conviction, the appellant admitted to fondling children in 2001 and he also signaled that he could not distinguish between consensual sex and child rape. He said something, and I'm paraphrasing here, the PSIR is before the court, but he said something to the effect of, well if a one or two year old is not resisting, I don't know if that's rape or not. So based on those facts and circumstances and based on the quick nature in which he re-offended, that life term of supervised release was reasonable. And this court has upheld such terms on the underlying conviction. And here we have a 10 year initial term imposed in 2007 and what Judge Sharpe looked at was someone who quickly re-offended and Judge Sharpe I think was within his discretion to say that a life term of supervised release was warranted. There are many instances where a violation of supervised release carries a mandatory sentence. Are you aware of any others besides this one? I'm not off the top of my head. I am not aware of any others other than 3583K which applies here, Your Honor. We have, and this is not an issue that's raised in this case by the defense, but we've never actually had to confront a situation or an issue as to whether a preponderance of the evidence standard is still appropriate where we're not just dealing with the selection of a sentence or with what is appropriate to the supervision of someone who is in a position, but is in fact being prosecuted for something that will require the judge to impose not just a minimum sentence, but a minimum sentence that is greater than the sentence that would be available for any ordinary violation of supervised release. Your Honor, I have two responses to that. First, 3583K has to be read to harmonize with 3583E3, and in fact, 3583K references 3583E3. I should first ask, since I'm out of time, can I respond to your- Yes, of course. Thank you. So the provisions have to be read harmoniously, and 3583E3 says preponderance of the evidence standard. To the extent the court is asking about the constitutionality of this or something else, since the parties haven't briefed it below, haven't briefed it here, if the court is concerned- I realize it's not raised, but it's an issue that maybe someone might want to raise someday. Okay. Thank you. Thank you. All right. You've reserved some time. Two minutes, to be exact. Thanks. I don't know how much appetite there is for rebuttal, but I'll press forward. A few points. You've just lost 15 seconds. Oh, no. The appellee cites Helger, the Ninth Circuit case that does actually deal with whether the defendant was congregating in an area where underage people are likely to be. The age of those people was never an issue in that case. Judge Lynch, you just raised the mandatory minimum points. We've cited that not as requiring a separate standard, but as heightening the due process concern and requiring further corroboration than just the admission. The government, again, argues that, I think mistakenly, that somehow Horton identified these images of child pornography. He did not. He did not say that these are the images. The images in question are child pornography. That's very clear. Furthermore, any expertise Horton has must be harmonized with his admissions that he gave upon his arrest 10 years ago in which he said his interests were in young girls, not young boys, which the images in question here depict. There's no more. He yields the ballot. You have all sorts of time. No need to expressions of concern. Thank you very much. Well argued by both of you, and we're happy to have heard it, and we reserve the decision. We will take